IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OLEE WONZO ROBINSON,** | : | CIVIL NO. 1:16-CV-103 |
| Petitioner | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| | : | |
| **J.E. KRUEGER,** | : | |
| Respondent | : | |

### MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner Olee Wonzo Robinson ("Robinson"), a federal inmate incarcerated at the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

**I.    Background**

The factual and procedural background of the instant petition have been aptly summarized by the United States District Court for the District of South Carolina as follows:

> On November 5, 1993, a grand jury in the Eastern District of Michigan returned a fourteen-count superseding indictment, charging the Petitioner with multiple offenses, including conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; drug-related homicide and aiding and abetting in drug-related homicide, in violation of 21

---

[1] These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b).

U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2; making false statements to a federally-insured institution, in violation of 18 U.S.C. § 1014; laundering of monetary instruments and aiding and abetting in the same, in violation of 18 U.S.C. §§ 1956 and 2; engaging in a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. § 848; being a felon in possession of firearms, in violation of 18 U .S.C. § 922(g)(1); structuring financial transactions to evade reporting requirements and aiding and abetting in the same, in violation of 31 U.S.C. § 5324(3) and 18 U.S.C. § 2; and the distribution of cocaine and aiding abetting in the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  The Petitioner's trial began on November 8, 1993, and ended on December 22, 1993, when the jury returned a guilty verdict on all counts.

On April 26, 1994, the Honorable Paul V. Gadola sentenced the Petitioner to terms of life imprisonment on the CCE and drug-related homicide convictions, and to lesser sentence[s] on the other convictions, all to run concurrently.  United States v. Robinson, 4:93–cr–50028–PVG–SDP–1 (E.D.Mich.).  In 1995, the Petitioner filed a direct appeal, but a panel of the Sixth Circuit Court of Appeals affirmed his convictions and sentences on September 5, 1996.  United States v. Robinson, 96 F.3d 1449 (6th Cir. 1996) (table).  The Petitioner then filed six motions for a new trial on various grounds between May of 1995 and November of 2002; the district court denied all of them.  United States v. Robinson, 366 F.Supp.2d 498 (E.D.Mich. 2005).  The Petitioner appealed the district court's order, but in July of 2008 the Sixth Circuit affirmed the denial of the Petitioner's motions.  United States v. Robinson, 290 F. App'x 769 (6th Cir. July 23, 2008) (unpublished).

In April of 1998, the Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Eastern District of Michigan.  In May of 1998, the district court construed the petition as a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  The district court denied the section 2255 motion in December 1998, and the Petitioner was denied a certificate of appealability.  The Petitioner petitioned the Sixth Circuit for a writ of mandamus to grant a certificate of appealability, or in the alternative, to permit him to file a new habeas action in

the district court.  The Sixth Circuit denied his petition on December 5, 2001.  United States v. Robinson, No. 4:93–cr–50028–PVG–SDP (E.D.Mich. Dec. 5, 2001), ECF Entry Number 485.

In addition, the Petitioner has filed at least four other habeas petitions subsequent to filing his initial section 2255 motion.  First, in 1998, while his initial section 2255 motion was pending, the Petitioner filed a section 2241 petition in the Sixth Circuit, claiming relief because of an invalid grand jury indictment and alleged violations of the Speedy Trial Act.  The Sixth Circuit dismissed the petition, construing it as a section 2255 motion and noting that the Petitioner already had a section 2255 motion pending.  United States v. Robinson, No. 4:93–cr–50028–PVG–SDP (E.D. Mich.)  ECF Entry Number 434.

Meanwhile, the Petitioner also filed a section 2241 petition in the United States District Court for the Southern District of Indiana, where he was incarcerated at the time.  On October 27, 1998, the Indiana district court held that the action was properly construed as a section 2255 motion and dismissed the motion on the ground that it lacked jurisdiction to review his conviction.  Robinson v. Clark, No. IP98–C–1439–T/G (S.D.Ind.).

Then, in June of 2000, the Petitioner filed a section 2241 petition in the United States District Court for the Western District of Tennessee, where he was incarcerated, claiming error in the racial composition of juries in the Eastern District of Michigan.  The Tennessee court construed the petition as a successive section 2255 motion and transferred it, pursuant to 28 U.S.C. § 2244(b)(3) to the Sixth Circuit, where the motion was ultimately dismissed on August 24, 2000, for want of prosecution.  Robinson v. Young, No. 2:00–cv–2534–BBD (W.D.Tenn.)  ECF Entry No. 2.

In 2001, in the Eastern District of Michigan, the Petitioner sought release on bail while his post-conviction proceedings were pending.  The district court denied this petition for a writ of habeas corpus on September 5, 2001.  United States v. Robinson, No. 4:93–cr–50028–PVG–SDP (E.D.Mich) ECF Entry Number 484.

> In September of 2001, the Petitioner sought permission from the Sixth Circuit, pursuant to 28 U.S.C. § 2244(a)(3), to file a second or successive section 2255 motion based on the United States Supreme Court's decision in Richardson v. United States, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999). In April of 2002, the Sixth Circuit found that the Petitioner did not meet the "gatekeeping provision" of section 2255(h) and denied his request, stating:
>
>> Robinson's reliance on Richardson is unavailing. The Supreme Court has not held that the rule of constitutional law set forth in Richardson applies retroactively. Tyler v. Cain, 533 U.S. 656, 121 S.Ct. 2478, 2482, 150 L.Ed.2d 632 (2001) (holding that a petitioner may obtain relief on a second or successive § 2255 motion based upon a new rule of constitutional law only where the Supreme Court has specifically held that the rule applies retroactively to cases on collateral review).
>>
>> As Robinson's argument does not satisfy the requirements of § 2255, he has not made a prima facie showing that he is entitled to a motion to vacate. Therefore, we deny Robinson's request seeking permission to file[] a second § 2255 motion in the district court.

Robinson v. Mitchell, 2011 WL 1335717, *1-3 (D.S.C. April 7, 2011).

On September 1, 2010, Robinson filed a Section 2241 petition in the United States District Court for the District of South Carolina asserting that Section 2255 was inadequate or ineffective based on the following grounds: (1) he is "legally, factually and actually innocent under the 848 CCE Statute and under the Federal

4

Constitution in light of Richardson v. United States, 119 S.Ct. 1707 (1999)"[2], and (2) the Sixth Circuit's order denying his request for permission to file a second § 2255 petition was "a fraudulent court order, falsely claiming that Richardson was not retroactive," which was perpetrated by the court's Deputy Clerk, who "is accepting bribes from a rogue government prosecutor, and a trial attorney to obstruct justice." Robinson, 2011 WL 1335717, at *2. The district court ultimately dismissed the Section 2241 habeas petition, and determined that Petitioner's reliance on Richardson was unavailing, and furthermore, that Petitioner failed to demonstrate that he was entitled to proceed pursuant to Section 2241. Id. at *5. Robinson appealed. On June 4, 2012, the Fourth Circuit Court of Appeals affirmed the district court's order denying relief. Robinson v. Mitchell, 473 F. App'x 360 (4th Cir. 2012).

      The instant petition was filed on January 19, 2016. Robinson again challenges the validity of his underlying conviction and sentence. (Doc. 1, at 10). Robinson contends, *inter alia*, that he is "[a]ctually, [l]egally and factually innocent because the prosecution did NOT enumerate in petitioner's Indictment the three separate title 21 predicate felony Drug violations as required in light of the Supreme Court's interpretation of the 848 CCE statute [in Richardson]." (Id. at 10-11). He urges the court to "VACATE counts ONE, TWO and THREE [of the superseding indictment] and order his [i]mmediate release from federal custody." (Id. at 55).

---

    [2] In Richardson, the United States Supreme Court held that a jury must agree unanimously that a defendant is guilty of each of the specific violations that together constitute the continuing criminal enterprise. Richardson v. United States, 526 U.S. 813, 815, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999).

5

**II.     Discussion**

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255.  See 28 U.S.C. § 2255(e).  Section 2255(e) provides that:

> An application for a writ of habeas corpus [pursuant to § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

To that end, the Court of Appeals for the Third Circuit has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)).  Section 2255(e) specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a Section 2255 motion is "inadequate or ineffective." Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)).  This safety valve language in Section 2255(e) has been strictly construed.  See Application of Galante, 437 F.2d 1164, 1165-66 (3d Cir. 1971) (concluding that unfavorable legal standards in circuit where sentencing court was located do not render Section 2255 remedy inadequate or

6

ineffective); Millan-Diaz v. Parker, 444 F.2d 95, 97 (3d Cir. 1971) (concluding that doubts about the administration of a Section 2255 motion in particular do not make the remedy inadequate or ineffective); United States ex rel. Leguillou v. Davis, 212 F.3d 681, 684 (3d Cir. 1954) (holding that even if the sentencing court incorrectly disposes of a proper motion under Section 2255, the appropriate remedy is an appeal of that decision and not a habeas corpus petition).

Importantly, Section 2255 is not inadequate or ineffective merely because the sentencing court has previously denied relief. Dorsainvil, 119 F.3d at 251. Nor do legislative limitations like statutes of limitation or gatekeeping provisions render the Section 2255 remedy inadequate or ineffective so as to authorize pursuit of a habeas petition in this court. See, e.g., Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. Rather, only when a prisoner is in the unusual position of having no earlier opportunity to challenge his conviction or "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" is Section 2255 "ineffective" for purposes of providing collateral relief. Dorsainvil, 119 F.3d at 251-52.

In seeking to overcome these Section 2241 barriers, Robinson alleges actual innocence based on Richardson, and contends that a Section 2255 motion is

"inadequate or ineffective to test the legality of [his] detention."[3] (Doc. 1, at 10, 27-29). On the intersection between Section 2241 and an actual innocence claim based on Richardson, the decision in Fisher v. Miner, 216 F. App'x 255 (3d Cir. 2007) (non-precedential), is particularly instructive.[4]

In Fisher, the Third Circuit considered an inmate's appeal of a district court order which denied his Section 2241 habeas petition. See Fisher, 216 F. Appx. 255. In his Section 2241 petition, Fisher asserted that Section 2255 was inadequate or ineffective to address his claims, and argued that he met the Dorsainvil standard. Id. at 257. He claimed that his CCE conviction was unlawful because the district court that imposed his conviction did not instruct the jury that it had to unanimously agree on specific violations that constituted the "continuing series" of violations in light of the Richardson case. Id. at 256. Fisher also claimed that he was actually innocent of the CCE conviction and two other offenses, because of the potential jury confusion resulting from the flawed instructions. Id. at 256-57. He argued that it was not clear what three predicate offenses the jury could have used to support his conviction of the CCE charge, and that he was therefore actually innocent. Id. at 257.

---

[3] Specifically, Robinson argues that the indictment did not identify three separate predicate offenses to establish a continuing criminal enterprise, Richardson is a new rule of substantive law that has retroactive application to his case, rendering his conduct no longer criminal, and he has not had an "unobstructed" opportunity to raise his Richardson claim in federal court. (Doc. 1, at 7-8, 28-29).

[4] The court is cognizant that Fisher is non-precedential. Nevertheless, the court finds its *ratio decidendi* to be persuasive.

The appellate court noted that Fisher previously filed two unsuccessful Section 2255 motions, and three unsuccessful motions for permission to file successive Section 2255 motions regarding the attack to his CCE conviction.  Id. The court noted that although Fisher previously filed a Section 2255 motion that was denied on the merits, and faced the strict gatekeeping requirements that apply to second or successive Section 2255 motions, this fact did not render Section 2255 inadequate or ineffective.  Id.  The Third Circuit in Fisher ultimately affirmed the denial of the Section 2241 petition, and explained as follows:

> We agree with the District Court that Fisher is not in the unusual situation contemplated by this Court in Dorsainvil.  Fisher's interpretation of Richardson is not supported by the case law.  The courts of appeals that have considered the issue have concluded that a Richardson claim does not render § 2255 "inadequate or ineffective."  See Kramer v. Olson, 347 F.3d 214, 218 (7th Cir. 2003) (a Richardson claim "is not the sort that will permit passage through the narrow opening of § 2255's savings clause"); Sawyer v. Holder, 326 F.3d 1363, 1366 (11th Cir. 2003) (because the conduct necessary to show a CCE offense is the same post-Richardson, "a Richardson claim is not the type of defect that opens the portal to a § 2241 proceeding"); Jeffers v. Chandler, 253 F.3d 827, 831 (5th Cir. 2001) (because Richardson "has no effect on whether the facts in [the] case would support [petitioner's] conviction for a substantive offense," petitioner cannot show he was convicted for conduct that did not constitute a crime)….
>
> Fisher does not meet the Dorsainvil standard because the Richardson decision did not effectively decriminalize the conduct for which he was convicted.

Fisher, 216 F. App'x at 257-58.

9

Robinson's petition is likewise subject to dismissal. He has not demonstrated that Section 2255 is an "inadequate or ineffective" remedy to test the legality of his detention. Robinson claims actual innocence of his CCE conviction because the jury was never instructed that it had to be in unanimous agreement as to the specific statutory violations that comprised the continuing series of predicate offenses, and the trial court's jury instructions did not clarify the alleged defects in the indictment. (Doc. 1, at 42-43, 49). However, his contention does not amount to a claim that he was convicted of a nonexistent offense. Robinson has not established that an intervening change in the substantive law has resulted in a conviction for conduct which is no longer considered criminal, and he therefore cannot establish actual innocence. See Dorsainvil, 119 F.3d at 251; Underwood v. Hogsten, 251 F. App'x 770, 771 (3d Cir. 2007) ("[In Richardson,] the Court merely held that the jury in a CCE case must unanimously agree not only that the defendant committed some 'continuing series of violations' but also that he committed each of the individual violations necessary to make up that 'continuing series.' The holding has no bearing on whether [the defendant's] actions violated the CCE statute; 'he cannot advance a non-frivolous claim that, after Richardson, he is actually innocent of conducting a criminal enterprise.'") (citation omitted); Stephens v. Herrera, 464 F.3d 895, 899 (9th Cir. 2006) ("A Richardson claim is not, by itself, a claim of actual innocence. Rather, it is a claim that the jury has not been told that § 848 requires unanimous agreement on the three particular acts comprising the 'series of violations.' A jury might conceivably convict an innocent person of violating § 848 because of an instruction given in violation of Richardson, but the mere fact of an

improper instruction is not sufficient to meet the test for actual innocence."). Accordingly, the limited <u>Dorsainvil</u> exception is inapplicable, and Section 2241 relief is not available.

As stated *supra*, Robinson has filed six habeas petitions, and also sought permission from the Sixth Circuit to file a second or successive Section 2255 motion. All were denied. Indeed, Robinson previously challenged his conviction and sentence based on <u>Richardson</u> in two separate motions. First, he sought permission from the Sixth Circuit to file a second Section 2255 petition in light of <u>Richardson</u>. Second, Robinson filed a Section 2241 petition in the United States District Court for the District of South Carolina, alleging that he was entitled to relief in light of <u>Richardson</u>. These courts expressly rejected Robinson's arguments based on <u>Richardson</u>. The fact that Robinson did not prevail in his prior Section 2255 motions, does not establish the inadequacy or ineffectiveness of the remedy itself. See <u>Fisher</u>, 216 F. App'x at 257 ("The fact that Fisher has previously filed a § 2255 motion that was denied on the merits, and thus faces the strict gatekeeping requirements that apply to second or successive § 2255 motions, does not serve to make § 2255 inadequate or ineffective.").

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed for lack of jurisdiction.


An appropriate order shall issue.

       /S/ Christopher C. Conner
       Christopher C. Conner, Chief Judge
       United States District Court
       Middle District of Pennsylvania

Dated:    February 5, 2016