IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **OLEE WONZO ROBINSON,** : | CIVIL ACTION NO. 1:16-CV-103 |
| : | |
| Petitioner : | (Chief Judge Conner) |
| : | |
| v. : | |
| : | |
| **J.E. KRUEGER,** : | |
| : | |
| Respondent : | |

## ORDER

AND NOW, this 9th day of December, 2016, upon consideration of petitioner's motion (Doc. 5) for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), and it appearing that petitioner fails to demonstrate one of three major grounds for reconsideration under Rule 59(e), <u>Lazaridis v. Wehmer</u>, 591 F.3d 666, 669 (3d Cir. 2010) (finding that "[a] proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice"), but, rather, simply disagrees with the court's disposition of

this matter[1], see Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa.) ("A motion for reconsideration is not to be used to reargue matters already argued and disposed of."), aff'd, 31 F.3d 1174 (3d Cir. 1994); see also Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations omitted) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"), it is hereby ORDERED that the motion (Doc. 5) for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) is DENIED.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] Petitioner urges the court to reconsider its decision dismissing his habeas petition for lack of jurisdiction. (Doc. 5). Petitioner again argues that he should be permitted to proceed *via* 28 U.S.C. § 2241, because § 2255 is an "inadequate or ineffective" remedy, as he is actually innocent based on Richardson v. United States, 526 U.S. 813 (1999). (Docs. 5, 6). He claims that the court erred by not construing the petition liberally, misapplying the Dorsainvil standard, and finding that his reliance on Richardson was unavailing. (Doc. 6, at 6-7). Petitioner fails to advance an intervening change in controlling law, to present newly found evidence, or to establish that a clear error of law or fact exists. Nor does he establish that the court came to its conclusions by way of some gross misunderstanding of the facts or law of this case.